## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | | |
|---|---|---|---|
| In re: | ) | Chapter 7 | |
| | ) | | |
| WALNUT HILL PHYSICIANS' HOSPITAL, LLC, | ) ) ) | Bankruptcy: | 17-32255-bjh7 |
| Debtor in Liquidation. | ) ) | | |

| | | | |
|---|---|---|---|
| SCOTT M. SEIDEL, CHAPTER 7 TRUSTEE, | ) ) ) | | |
| Plaintiff, | ) ) | Adversary: | 18-03033-bjh |
| v. | ) ) | | |
| ST. JUDE MEDICAL S.C., INC., | ) ) ) | | |
| Defendant. | ) | | |

**APPENDIX TO
BRIEF IN SUPPORT OF
ST. JUDE MEDICAL S.C., INC.
TO MOTION FOR
PROTECTIVE ORDER**

**TO THE HONORABLE JUDGE OF THE
UNITED STATES BANKRUPTCY COURT:**

NOW COMES **ST. JUDE MEDICAL S.C., INC.** ("St. Jude"), and submits the following *APPENDIX* to the *BRIEF IN SUPPORT* [adv. docket ___] as to St. Jude's *MOTION FOR PROTECTIVE ORDER* [adv. docket ___] against **SCOTT M. SEIDEL, CHAPTER 7 TRUSTEE** (the "Trustee"), to-wit:

**TABLE OF CONTENTS**

Affidavit of Melinda A. Bialzik ...........................................................................................1-2

**Exhibit A:** Letter of Julian Vasek of
MUNSCH, HARDT, KOPH & HARR, P.C. to
Sam Wisotzkey of KOHNER, MANN & KAILAS, S.C. ...........................................................3

**Exhibit B:** Letter of Sam Wisotzkey of KOHNER,
MANN & KAILAS, S.C. to Julian Vasek of
MUNSCH, HARDT, KOPH & HARR, P.C. ........................................................................ 4-5

**Exhibit C:** Letter of Julian Vasek of
Munsch, Hardt, Koph & Harr, P.C. to
Sam Wisotzkey of Kohner, Mann & Kailas, S.C. ........................................................ 6-10

**Exhibit D:** Letter of Melinda A. Bialzik of Kohner,
Mann & Kailas, S.C. to Julian Vasek of
Munsch, Hardt, Koph & Harr, P.C. .............................................................................. 11-13

Remembered and given under my hand this the 24th day of the month of August, year 2018.

**PADFIELD & STOUT, L.L.P.**

_____
John E. Johnson, *of Counsel*
State Bar [Tex.] 24025457
Dallas Office:
705 Ross Avenue
Dallas TX 75202
+1 214 215 6402 – telephone
jjohnson@padfieldstout.com – e-mail

law-counsel for Defendant and
local trial counsel for

&&&

**KOHNER, MANN & KAILAS, S.C.**
attorneys for St. Jude Medical S.C., Inc.
a/k/a St. Jude Medical, Inc.
SAMUEL C. WISOTZKEY
(adm. *pro hac vice*)
MELINDA A. BIALZIK
(adm. *pro hac vice*)

Washington Building, Second Floor
Barnabas Business Center
4650 N. Port Washington Rd.
Milwaukee WI 53212-1059
+1 414 962 5110 – telephone
+1 414 962 8725 – telecopy
swisotzkey@kmksc.com – e-mail
mbialzik@kmksc.com – e-mail

## CERTIFICATE OF SERVICE

The undersigned converted the foregoing document into an electronic image, via portable document format (.pdf), electronically submitted same to the Internet web portal for the Clerk of this Court utilizing the Electronic Management and Electronic Case Filing system of the Court, which has caused service, via Simple Mail Transfer Protocol (e-mail), of a Notice of Electronic Filing of this imaged document to the below-identified parties on Friday, August 24, 2018; said e-mail provides an attributable hyperlink to the document, in portable document format, except any non-electronic served counsel; in that instance, such document was mailed via First Class United States Mail, to-wit:

Davor Rukavina, Esq.
Julian Vasek, Esq.
MUNSCH HARDT KOPF & HARR, P.C.
Suite 3800, Ross Tower
500 N. Akard Street
Dallas TX 75201

                                                  /s/ *John E. Johnson.*
                                                  JOHN E. JOHNSON.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | | |
|---|---|---|---|
| In re: | ) | Chapter 7 | |
| | ) | | |
| WALNUT HILL PHYSICIANS' HOSPITAL, LLC, | ) ) ) | Bankruptcy: | 17-32255-bjh7 |
| | ) | | |
| Debtor in Liquidation. | ) | | |

| | | | |
|---|---|---|---|
| SCOTT M. SEIDEL, CHAPTER 7 TRUSTEE, | ) ) ) | | |
| Plaintiff, | ) ) | Adversary: | 18-03033-bjh |
| v. | ) ) ) | | |
| ST. JUDE MEDICAL S.C., INC., | ) ) | | |
| Defendant. | ) | | |

## AFFIDAVIT OF MELINDA A. BIALZIK

I, Melinda A. Bialzik, being first duly sworn on oath, depose and state as follows:

1. I am an attorney with the Milwaukee law firm of Kohner, Mann & Kailas, S.C. and one of the attorneys for defendant St. Jude Medical, S.C. Inc. ("St Jude"). The information stated herein is true and correct to the best of my knowledge, information and belief

2. On July 5th, 2018 St. Jude provided revised responses to Trustee's First Set of Interrogatories and First Set of Requests for Production and Trustee's Second Set of Requests for Production to St. Jude Medical S.C., Inc, and on July 9th, 2018 St. Jude produced responsive emails. On July 10, 2018 Trustee's Attorney responded to St. Jude requesting a further broadened search and production of documents. A true copy of the July 10, 2018 letter is attached as Exhibit A.

<span style="color:red">DefProtOrderApp'x.0001</span>

3. On July 10, 2018 attorney Samuel C. Wisotzkey, attorney of defendant St. Jude responded to Trustee's Attorney's letter dated July 10, 2018 explaining that St. Jude made a reasonable effort to provide broad search terms to recover any responsive emails however, only a few were located. A true copy of the July 10, 2018 letter is attached as Exhibit B.

4. On July 25, 2018 Trustee's Attorney responded to St. Jude's July 10, 2018 letter requesting further clarification from St. Jude regarding any email policies, expanding the scope of requested discovery, and enclosing Trustee's second set of interrogatories and fourth set of requests for production. A true copy of the July 25, 2018 letter is attached as Exhibit C.

5. On August 03, 2018 I responded to Trustee's Attorney's letter dated July 25, 2018 stating that Trustee's attorney's requested search terms exceed the scope of the Court's order and further explained St. Jude's email retention policy as it relates to discovery. A true copy of the August 03, 2018 letter is attached as Exhibit D.

Dated: August 24 2018.

_____
Melinda A. Bialzik

Subscribed and sworn to before me
This 24th day of August, 2018.

_____
Ryan M. Bi[...]
Notary Public, State of Wisconsin
My commission expires on: is permanent



DefProtOrderApp'x.0002

2



Ross Tower
500 N. Akard Street, Suite 3800
Dallas, Texas 75201-6659
Main 214.855.7500
Fax 214.855.7584
munsch.com

Direct Dial 214.855.7528
jvasek@munsch.com

July 10, 2018

***Via Electronic Mail***
Samuel C. Wisotzkey
Kohner, Mann & Kailas, S.C.
4650 N. Port Washington Rd.
Washington Bldg., 2nd Floor
Milwaukee, WI 53212-1059
swisotzkey@kmksc.com

> Re: *Seidel v. St. Jude Medical S.C., Inc. (In re Walnut Hill Physicians' Hospital, LLC)*, Adv. No. 18-3033, pending in the U.S. Bankruptcy Court for the Northern District of Texas

Dear Mr. Wisotzkey:

On June 27, 2018, the Court ordered St. Jude to produce archived emails responsive to fourteen requests for production by no later than July 5, 2018. After a brief, agreed extension, St. Jude produced responsive documents on July 9, 2018. We were surprised that St. Jude's production consisted of only sixteen pages of emails. Based on our correspondence related to the agreed extension, it appears that St. Jude is taking the position that there are no more responsive documents. While we intend to give St. Jude the benefit of the doubt, St. Jude clearly has not produced all responsive emails.

First RFP #2, for example, requests "[a]ll … Communications between the Debtor and St. Jude within the one (1) year prior to the Petition Date …." As we explained to St. Jude and to the Court, the Trustee has paid to de-archive the emails of select hospital employees. Among them are emails between the Debtor and Richard Genovese that were sent and received within one year before the petition date. But St. Jude did not produce any of those emails. Based on this oversight, the Trustee questions whether St. Jude likewise failed to produce other responsive documents.

Perhaps it is the case that St. Jude mistakenly did not utilize appropriate search parameters, as we are confident that St. Jude would not intentionally disregard the Court's order. Whatever the cause of the oversight, we request confirmation that St. Jude is working to supplement its production promptly, and we are amenable to providing a reasonable amount of time for St. Jude to comply. If, on the other hand, St. Jude does not intend to broaden its search and produce additional documents, then we request a prompt telephone conference to discuss the matter.

Best regards,

/s/ *Julian P. Vasek*

Julian P. Vasek, Esq.  <span style="color:red">DefProtOrderApp'x.0003</span>

4810-4703-4221v.1

**Exhibit A**



KOHNER MANN & KAILAS, S.C.
ATTORNEYS AT LAW

Washington Building
Barnabas Business Center
4650 N. Port Washington Road
Milwaukee, WI 53212-1059
Telephone (414) 962-5110
Facsimile  (414) 962-8725
Email kmksc@kmksc.com

www.kmksc.com

July 10, 2018

**VIA EMAIL (jvasek@munsch.com)**
Julian P. Vasek, Esq.
Munsch Hardt
500 N. Akard Street, Suite 3800
Dallas, TX 75201

                                    RE:    *Seidel v. St. Jude Medical, S.C., Inc. (In re Walnut Hill Physicians' Hospital, LLC)*
                                                        Adv. No. 18-3033

Dear Mr. Vasek:

This responds to your July 10, 2018, letter, relating to the production of emails. As we advised in the response to the Motion to Compel, and further indicated at the hearing, we were previously advised that St. Jude emails were generally only preserved for 30 days, and so we could not represent that an email archive search would identify responsive documents. As you know, the order on the motion to compel directed St. Jude to search email archives and produce responsive documents, to the extent they exist. Upon further investigation, we have been informed that the 30-day retention policy applied to sent and received emails, and emails would only have been preserved beyond that time if a user had moved the emails to a separate folder. Based on this policy, we are not surprised that there are few responsive emails that we have located to date.

Nonetheless, after the hearing last month, we worked with our client and provided broad search terms to search for emails from the 4-identified sales people, including Mr. Genovese, and potential other credit department representatives of St. Jude. We used these search terms: "Walnut Hill," "Rick Leonard," "Richard Leonard," "Keandrea Epps," "Keandrea," and "rick.leonard*" and the date range from June 1, 2016 to July 1, 2017. Based on the discovery requests, we were searching for emails between St. Jude and the Debtor, or emails between St. Jude and the 4 sales agents. However, based upon these searches, only the few responsive emails were located.

If you have additional search terms you think we should consider, please let us know. From our further investigation, we have identified two possible other St. Jude employees that may have had email communications with the Debtor relating to delivery of goods in the preference period, and we can discuss with our client conducting a further search, with the understanding that we cannot provide any assurances that any additional emails are recoverable. But, before we discuss with our client going to the expense of more searches, please advise what additional search terms you think might be appropriate.

We understand from the hearing that you de-archived Mr. Leonard's emails. We encourage you to share the emails you have located between him and St. Jude with us without a formal discovery request, especially if it will narrow the issues on the key questions of the timing of the delivery of goods by St. Jude, or otherwise impact the search for additional relevant, responsive emails on our end.

<span style="color:red">DefProtOrderApp'x.0004</span>

**Exhibit B**




St. Jude searched for archived emails in good faith, consistent with our representations to the Court, but we certainly stand ready to discuss the possibility of further additional reasonable searches that would be appropriate.

Very truly yours,
KOHNER, MANN & KAILAS, S.C.

Samuel C. Wisotzkey

SCW:pal

Cc: Melinda Bialzik, Esq. (via email)
John Johnson, Esq. (via email)

DefProt0rderApp'x.0005

Listed in Martindale - Hubbell Bar Register of Preeminent Lawyers

**Exhibit B**



Ross Tower
500 N. Akard Street, Suite 3800
Dallas, Texas 75201-6659
Main 214.855.7500
Fax 214.855.7584
munsch.com

Direct Dial 214.855.7528
jvasek@munsch.com

July 25, 2018

*Via Electronic Mail*
Samuel C. Wisotzkey
Kohner, Mann & Kailas, S.C.
4650 N. Port Washington Rd.
Washington Bldg., 2nd Floor
Milwaukee, WI 53212-1059
swisotzkey@kmksc.com

Re: *Seidel v. St. Jude Medical S.C., Inc. (In re Walnut Hill Physicians' Hospital, LLC)*, Adv. No. 18-3033, pending in the U.S. Bankruptcy Court for the Northern District of Texas

Dear Mr. Wisotzkey:

I am writing in response to your letter dated July 10, 2018. While we appreciate your attempt to explain your client's position to us, we are confused by your letter, and we seek further clarification.

On the one hand, your letter could be interpreted as stating that St. Jude simply did not retain e-mails after thirty days, or alternatively that it actively deleted them. We find it hard to believe that St. Jude, a large company in a heavily regulated market, and likely with government contracts at that, would do this, especially for implantable devices. In fact, we find it hard to believe that St. Jude does not retain e-mails going back years, at least in back-up format.

On the other hand, your letter could be interpreted as stating that St. Jude archives e-mails after thirty days, except for those e-mails which any given user separately saves to a local file. This would be far more in line with our experience and with industry standards, and would be what we would except. Indeed, this is what the Debtor did, and it is why the Trustee has limited access to former employee e-mails. Separate from archiving e-mails, it would be logical and normal for St. Jude to back-up its e-mail servers and to retain the back-up for some period of time. Your letter is silent on this issue and on whether St. Jude reviewed any e-mail back-ups.

Initially, therefore, we request that you clarify which of the above options it is (or, if there is a third, that you please clearly explain it). We ask that your clarification expressly state what St. Jude's archiving and/or back-up policies were during the relevant periods, and what efforts have been made to review the same for responsive e-mails.

Next, and assuming that e-mails have been archived or backed-up, I would note that St. Jude is obligated to search such e-mails and to produce the same not only pursuant to rule 26(b)(2)(B), but also pursuant to the Court's order, since any undue burden or cost objections have been overruled. At the same time, we agree that this does not mean that St. Jude is required to de-archive and review *all* e-mails. A targeted de-archiving and review is appropriate, and we both welcome and agree with your

DefProtOrderApp'x.0006

**Exhibit C**

suggestion that this process be collaborative. In that spirit, we request that St. Jude undertake the following process.

First, St. Jude should identify and isolate the individuals whose archived or backed-up e-mails are to be searched. This would include those people identified on the invoices, such as Richard Genovese, Campbell, Stamme, and Child. From our review of the Debtor's e-mails, the following St. Jude personnel also communicated with the Debtor, and therefore their e-mails should also be searched:

1. DMott@sjm.com,
2. CPottneyer@sjm.com,
3. AStammer@sjm.com,
4. DDowd@sjm.com,
5. MTodryk@sjm.com,
6. TManess@sjm.com,
7. BCampbell02@sjm.com,
8. MSorensen2@sjm.com,
9. MZamrazil@sjm.com,
10. CKelm@sjm.com,
11. NNguyen19@sjm.com,
12. HRigby@sjm.com,
13. CJeffries@sjm.com,
14. JBarton@sjm.com,
15. MArmstrong03@sjm.com,
16. JJones07@sjm.com,
17. JHesman@sjm.com,
18. RRiebesell@sjm.com,
19. SDonnelly@sjm.com,
20. RJohn@sjm.com,
21. TDunckel@sjm.com,
22. Keggen@sjm.com,
23. PSawall@sjm.com,
24. DYoung03@sjm.com,
25. THentges@sjm.com,
26. JZigler@sjm.com,
27. KMccollum@sjm.com,
28. BCannon02@sjm.com,
29. TBest02@sjm.com,
30. PMahan@sjm.com,
31. PhysicianEducation.MG@sjm.com,
32. JAlvarez-Fetzer10@sjm.com,
33. JDallager@sjm.com,
34. JMcCue@sjm.com,
35. Vcorrea@sjm.com,
36. BEverling@sjm.com,

DefProt0rderApp'x.0007

**Exhibit C**

      37.      NPeltier@sjm.com,
      38.      CMorris@sjm.com,
      39.      CLamkin@sjm.com,
      40.      MRodriguez32@sjm.com, and
      41.      SNikitas@sjm.com.

St. Jude should also inquire of its senior management and its accounts receivable departments, as well as any other relevant departments (*e.g.* sales, delivery, returns, etc.), whether any of its personnel had communications with any Debtor personnel during the relevant timeframe. If they did, then those individuals' archived e-mails should also be searched. This information is uniquely within St. Jude's knowledge, and we cannot help to identify these individuals. We stress, however, that it is St. Jude's obligation to perform a reasonable investigation into this issue.

Second, the relevant date range must be expanded. It appears from your letter that St. Jude only searched emails from June 1, 2016 to July 1, 2017. But not all of the requests are limited to a one-year period. Only First RFPs 2 and 3 are so limited. Nevertheless, we acknowledge that it is not necessary for St. Jude to search emails going back in time indefinitely. The earliest email we have discovered to or from an sjm.com address is dated October 4, 2013. Accordingly, the appropriate date range for the non-time-limited RFPs is October 4, 2013 to July 1, 2017. Only archived or backed-up e-mails falling within that date range need be searched.

Third, various additional search terms should be employed. Ultimately, it is St. Jude's obligation to fashion reasonable search terms, as certain information may be uniquely within its control (such as internally used terms and phrases of which we would not have any knowledge). However, we are willing to help with identifying what we believe to be reasonable search terms. In this respect, we request that St. Jude search de-archived and backed-up e-mails for the following terms, in addition to reasonable terms identified by St. Jude, where * represents a wildcard and /x represents two words within x number of words of each other:

      1.      all e-mail addresses with @walnuthillmc.com;
      2.      "Walnut Hill";
      3.      Wal* /2 Hill;
      4.      Leonard;
      5.      1000200771;[1]
      6.      1000188210;[2]
      7.      WHMC;
      8.      Tarectecan;
      9.      America /5 CFO;

---

[1] This number appears on the invoices with the notation "do not use." That may be because the invoices were created after-the-fact for litigation purposes, which is fine. In any event, whatever the unique number assigned to the Debtor was, that is the number that should be searched.

[2] *Supra*, n. 1.

DefProtOrderApp'x 0008

**Exhibit C**

Samuel C. Wisotzkey
July 25, 2018
Page 4

   10. America /2 T*;
   11. Countryman;
   12. Cory /2 C*;
   13. Montgomery;
   14. Aldama;
   15. Summers;
   16. Medistar;
   17. E* /2 Alexander;
   18. SDP;
   19. Greenville;
   20. bankrupt*;
   21. "chapter 7"; and
   22. invoice numbers, sales order numbers, and purchase order numbers, for each invoice that falls within the 503(b)(9) claim and that is the basis of the new value defense.[3]

Fourth, St. Jude must also review internal e-mails between its employees and agents. While the above should capture some or all of that, St. Jude will have to independently and in good faith employ reasonable methods to de-archive and search appropriate e-mail files. For example, did St. Jude employees communicate with the CFO or any other internal officer regarding the Debtor's defaults? Was there a collections specialist used on the file? With respect to the goods that the Debtor sought to return, was there a different department or employee? We cannot offer any suggestions on this issue since we do not know St. Jude's internal policies and procedures.

Fifth, to the extent there are paper files or records, those must be searched as well. It does not appear that there are any, so this should not be an issue.

Sixth, individual employees who may have had responsive communications internally or externally must be asked whether they saved or stored responsive e-mails, facsimiles, notes, or other documents or communications. This should include any personal e-mails that they may have used.

Pursuant to your request, I enclose a selection e-mails that I was able to de-archive from the Debtor's e-mails that the Trustee imaged. Once we have further production from St. Jude, I will be able to search more Debtor e-mails using the additional Debtor personnel who may be identified.

In order to move things along and because the Trustee needs finality on this issue before taking depositions, I ask that you provide me with a response to this letter by August 3. I understand that additional time may be required to undertake the above procedure, or whatever other procedure St. Jude employs, and the Trustee will be reasonable with respect to the same.

DefProtOrderApp'x.0009

---

[3] We recognize that this may be burdensome, but we believe that there should be a faster way to locate responsive communications once you have consulted with St. Jude employees. For example, if Mr. Genovese always communicated an order to a given person or inputted an order in a certain manner electronically, then reviewing those sources could be sufficient.

**Exhibit C**

Finally, I am also enclosing the Trustee's second set of interrogatories and fourth set of requests for production, which are narrowly tailored to address the Trustee's concerns and confusion about St. Jude's document and e-mail retention policies.

                                      Best regards,

                                      /s/   *Julian P. Vasek*

                                    Julian P. Vasek, Esq.

Encl.

 

www.kmksc.com

August 3, 2018

**VIA EMAIL (jvasek@munsch.com)**
Julian P. Vasek, Esq.
Munsch Hardt
500 N. Akard Street, Suite 3800
Dallas, TX 75201

         RE:  *Seidel v. St. Jude Medical, S.C., Inc. (In re Walnut Hill Physicians' Hospital, LLC)*
            Adv. No. 18-3033

Dear Mr. Vasek:

This responds to your July 25, 2018, letter, which was responding to our July 10, 2018 letter describing the email searches we conducted arising out of the court's ruling on June 21, 2018, and the subsequent order dated June 27, 2018.

Let us first reiterate, as noted in our July 10 letter that St. Jude searched for emails in good faith, consistent with our representations to the court and the court's order. While we remain willing to discuss appropriate additional searches, we believe your July 25 letter seeks to insist upon additional searches that go far beyond any reasonable bounds.

At the June 21, 2018, hearing, both the Trustee and the Court substantially limited the scope of email communications which St. Jude is obligated to search and, if responsive communications are discovered, produce. In that vein, to the extent your letter seeks to ignore these limitations and return to the broad discovery requests as written, we think your letter is inappropriate. The Trustee represented to the Court that your discovery requests were asking St. Jude to take "but a little bit of attorney time to go target certain people's emails and run certain word searches like Walnut Hill or like Rick Leonard (phonetic) or something like that. And if there's nothing that they can tell us that after a reasonable search they found nothing, no problem." (Tr. 21: 6-11) The Trustee further represented to the court that the Trustee was asking St. Jude to search emails of "five or ten employees." (Tr. 22: 5-6). Based on your representations that the Trustee was looking for simple searches of these "five or ten employees" the Court further limited the scope "If I need to be specific, its archived e-mails… But we're not talking about e-mails from the dawn of the e-mail era. We're talking about e-mails **14 months** ago. That's not terrible long--- **15, 16 months** ago." (Tr. 23:25-24:5)

The Trustee then confirmed that the above order was "absolutely" "broad enough" with regard to employees identified in Second Request Nos. 1 to 8. (Tr. 33:11-15)

St. Jude complied with the Court's order, searching its files for emails of the specifically identified sales employees, and the few other employees we understood might have been directly involved with the credit department, identifying seven total employee accounts to search, which was consistent with the Trustee's stated expectation at the hearing. Nonetheless, as referenced in our July 10 letter because they appeared that they might have had specific communications with Walnut Hill in the preference period relating to the sale of goods, St. Jude is willing to expand the search to include two

DefProtOrderApp'x.0011

Listed in Martindale - Hubbell Bar Register of Preeminent Lawyers

**Exhibit D**




additional email accounts, Mark Sorensen (included in the list of your 7/25/18 letter), and a John Grimsley (not listed in your letter). Further, based on the limited emails you produced with your July 25, 2018 letter, it appears it may be appropriate to attempt to search Mark Todyrk. However, we have no reason to believe the <u>thirty-nine</u> other employee email accounts referenced in your 7/25/18 letter belonged to employees who would have had relevant communications with St. Jude regarding the ordinary course of business between the parties. Clearly, you presumably have listed these additional 41 employees because you have found emails that included these address, as you say. But expanding the accounts to be searched in this manner is wholly inconsistent with the limitations on the requests stated at the hearing. Unless you can explain why you believe any identified employee had a role whereby we could expect relevant communications, St. Jude will not agree to expand its search to include those employees.

Similarly, the list of your requested search terms far exceeds the scope of the stated expectations at the June 21 hearing. The Trustee identified Walnut Hill and Rick Leonard as reasonable search terms, and as to the identified sales people in Second Request Nos. 1-8, the Trustee confirmed that he sought "communications that mention the debtor." (Tr. 33:4-5) St. Jude's search terms amply met, and exceeded, these expectations. If you can articulate a reason that any of these search terms is relevant or necessary, and how such search terms are reasonable in light of the limited searches that were represented as sufficient at the hearing, we will consider your request.

As to what files are available for searching, it is our understanding that while St. Jude used email backup tapes prior to and for a period of time after St. Jude was acquired by Abbott, those backup tapes no longer exist and were solely available for disaster recovery purposes. In addition, St. Jude email has been migrated into Abbott's Office 365 tenant, a cloud-based, multi-tenant environment managed by Microsoft that does not utilize backup tapes. To further clarify our prior explanation, in October 2017, Abbott converted St. Jude employees to Abbott's global email retention policy which, as stated before, purges all email located in an employee's Inbox and Sent Items older than 30 days and all email located in user-created folders older than 15 months. Our email searches for those identified employees included all available folders within their mailbox at the time the searches were executed. Our client has informed us that, prior to October 2017, (when Abbott converted St. Jude email to comply with Abbott's global email retention policy) St. Jude employees had the ability (again solely dependent on the employee's choice) to manage their email mailbox and, if necessary, to save some emails in PST file format. While we believe our prior searches of folders were sufficient under the court order, and we understand that the conversion would have eliminated many of these retained PST files, it is possible that further searches might find additional emails if a St. Jude employee elected to save PSTs as a means of managing their email.

DefProtOrderApp'x.0012

*Listed in Martindale - Hubbell Bar Register of Preeminent Lawyers*

Exhibit D




Julian P. Vasek, Esq.
August 3, 2018
Page 3

Finally, while we appreciate you providing 23 pages of emails from 2015 to early 2017, none of the selected emails you produced have any relevancy to the claims and defenses at issue in this action. There is certainly nothing there that would justify your apparent desire to expand the scope of discovery beyond the parameters ordered by the Court at the June 21 hearing. If, in fact, you have any communications that you believe are relevant, we would be happy to review them and discuss their significance.

Very truly yours,

KOHNER, MANN & KAILAS, S.C.

Melinda A. Bialzak

MAB:pal

Cc: Samuel C. Wisotzkey, Esq. (via email)
John Johnson, Esq. (via email)

DefProtOrderApp'x.0013

Exhibit D